# Englehardt v. Clanton.

*Action for Damages by Purchaser, on Breach of Warranty.*

1. *Amendment striking out parties defendants.*—When an action on a joint contract is brought against two or more persons as partners, and the proof discloses that one of them was not a partner, his name may be struck out by amendment, without discontinuing the action as to the others.

[Englehardt v. Clanton.]

2. *Proof of warranty, express or implied, by representations to third person.*—As showing an express warranty by defendant, or representations from which a warranty may be implied, where the contract was made for plaintiff by an agent, it is permissible for plaintiff to prove representations made by defendant to said agent, a short time before, while contracting individually for a purchase of the same article, to be used for the same purpose.

3. *Implied warranty of quality, on sale of manufactured articles.*—As a general rule, to constitute an implied warranty of quality, on a sale of goods or personal chattels, there must be an affirmation of fact, as distinguished from a mere expression of opinion; but, when a manufacturer contracts to furnish an article which he makes or produces, or a dealer an article in which he deals, to be applied to a particular purpose, which is made known to him, so that the buyer necessarily trusts to his judgment or skill, there is an implied warranty that the article shall be reasonably fit for the purpose to which it is to be applied; and this rule is especially applicable, where the manufacturer or dealer not only supplies the article, but also makes the intended application.

4. *Same.*—Where an examination of the article by the purchaser is impracticable, or where for other sufficient cause he necessarily trusts to the judgment or skill of the seller, the implied warranty extends to defects unknown to the seller, since it is his duty to ascertain the fitness of the article for the particular purpose; yet, if the seller declares his ignorance of the fitness of the article for the particular purpose, and the purchaser buys on his own judgment, the doctrine of *caveat emptor* applies, and there is no implied warranty.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Mrs. P. A. Clanton, against John H. Englehardt and W. E. Englehardt, "partners in trade doing business under the name of J. H. Englehardt," to recover $95, with interest, which the plaintiff had paid for painting the roof of her house with a preparation called the "Mott Fire-Proof Paint." The work was done in September, 1883, and the action was commenced on the 14th October, 1886. The complaint contained the common count for money had and received, and a special count which alleged that the work was done under a warranty by the defendants that the paint would make the roof last without leaking for the term of five years, whereas it was worthless, &c. The record does not show what pleas were filed, but the cause was tried on issue joined. On the trial, W. E. Englehardt having testified that there never was any partnership between himself and John H. Englehardt, that he and T. G. Foster had bought the right to use the patent paint, and had advertised in the city papers of Montgomery that they would paint roofs with it; the plaintiff thereupon moved to amend the complaint, "by striking out the name of John H. Englehardt, and all the allegations showing a contract made by any partnership, adding the words 'partner of

22

[Englehardt v. Clanton.]

T. G. Foster' after the name of W. E. Englehardt, and leaving the suit against said W. E. Englehardt as partner of T. G. Foster;" and the court allowed this amendment, against the objection and exception of the defendant. The defendant afterwards moved in arrest of judgment, on the ground that the amendment operated a discontinuance of the entire action; which motion the court overruled.

Geo. W. Stone testified as a witness for plaintiff, that he, as the agent of the plaintiff, made the contract with W. E, Englehardt for painting the roof of her house; that Englehardt made at that time no statements or representations as to the quality or value of the paint, but, about three months previously, had contracted with witness to paint the roof of a house for him with said patent paint, "which he then stated was newly discovered, valuable for stopping up and preventing leaks, and represented and guaranteed to witness that roofs painted with it would last without leaking for the term of five years;" and that Englehardt said, at the time of making the contract for plaintiff's house, "I will have to charge you more than I charged for your house, for I can't afford to do it so cheap." The defendant moved the court to exclude from the jury "all the testimony of said witness as to any representations and guaranties made by defendant to him, concerning the utility or value of said paint, on the ground that the testimony of the witness showed that no such guaranties or representations had been made to plaintiff, or to her said agent, as to the work contracted to be done on plaintiff's house;" and he excepted to the overruling of this motion. The witness testified, also, "that the painting turned out to be utterly worthless and valueless, and did not prevent the roof from leaking in the slightest degree;" and another witness for plaintiff, who had lived in the house, testified to the same fact. W. E. Englehardt, testifying for himself, stated that, at the time he made the contract for painting the roof of Judge Stone's own house, "he told Judge Stone that he knew nothing personally about the paint, but that the party who sold him the right, one McBride, had represented that it was valuable for painting roofs, and to prevent them from leaking; that said McBride, in his presence, had painted a willow-basket with it, and that the basket held water without leaking; that he had never used the paint, and had no experience with it, but thought he had a good thing; and witness made no representation of

[Englehardt v. Clanton.]

any fact, but simply expressed his opinion, based on the statements of McBride."

This being all the evidence, the court gave the following (with other) charges, on request of the plaintiff: (1.) "If the jury believe from the evidence that Judge Stone made a contract with defendant to paint his roof with said *Mott Fire-Proof Paint;* and that defendant stated, at the time of making said contract, that he would warrant a roof so painted for five years; and that Judge Stone, shortly afterwards, requested defendant to paint plaintiff's house in the same way; and that defendant agreed to do it, but at an increased price, which was agreed upon; then the jury have a right to infer that the representations, covenants and agreements, had between the parties in making the first contract, were contemplated by them in making the second." (2.) "If the jury believe from the evidence that Judge Stone, in making the contract with defendant to paint plaintiff's house, relied on the representations made by the defendant as to *Mott Fire-Proof Paint*, and that said paint was in fact worthless; then the plaintiff is entitled to recover of the defendant the amount shown to have been paid him under said contract." (3.) "If the jury believe from the evidence that the defendant was dealing in the *Mott Fire-Proof Paint*, and contracted to paint plaintiff's house with it; and that plaintiff's agent, in making the contract, relied on the judgment and skill of the defendant as to the paint; then there was an implied warranty that said paint should be reasonably fit for the purpose for which it was applied." To each of these charges the defendant excepted.

The defendant requested the following charge, and excepted to its refusal: "The law will not imply a warranty from mere words of praise or commendation of his wares by a vendor, such as are ordinarily used by honest tradesmen as arts of persuasion to induce purchase. As a general rule, there must be the affirmation of some fact, as distinguished from the mere expression of an opinion. To constitute expressed opinion a ground or instrument of fraud, it must be knowingly false, made with intent to deceive, and must be accepted and relied on as true."

The several rulings to which, as above stated, exceptions were reserved, are now assigned as error.

RICE & WILEY, and GORDON MACDONALD, for appellant. (1.) The amendment operated a discontinuance of the entire

action.—*Mock v. Walker*, 42 Ala. 668; *Kendall v. Lassiter*, 68 Ala. 181; *Reynolds v. Simpkins*, 67 Ala. 378; *Backus v. Mickle*, 45 Ala. 445; *Givens v. Robbins*, 5 Ala. 676; *Curtis v. Gaines*, 46 Ala. 455; *Walker v. M. D. Insurance Co.*, 31 Ala. 529. (2.) It is not pretended there was any warranty, or any representation or statement from which a warranty could be implied, made by the defendant at the time of his contract for the painting of plaintiff's house; and no reference was then made to the former contract between him and Judge Stone, except incidentally to the price. The former contract was made three months before, and had no connection with the latter. Evidence as to it was *res inter alios acta*, and entirely irrelevant; and yet it was made the basis of plaintiff's right of recovery. (3.) As to the questions involved in the charges given and refused, the appellant relies on *Wilcox, Gibbs & Co. v. Henderson*, 64 Ala. 535; *Brown v. Freeman & Bynum*, 79 Ala. 406; *Tabor v. Peters*, 74 Ala. 90.

WATTS & SON, *contra*, cited *Jones v. Englehardt*, 78 Ala. 505; *Jones v. Nelson,*, 51 Ala. 471; *Masterson v. Gibson*, 56 Ala. 56; Benjamin on Sales, 448, 812, 843, 865; 1 Wharton on Contracts, § 259; 1 Add; Contracts, § 629.

CLOPTON, J.—When a suit is brought on a joint contract against two or more defendants as partners, and, during the progress of the trial, the proof discloses that one of the defendants is not a partner, the complaint may be amended to meet the state of the evidence, and to remedy the misjoinder. In such case, an amendment, striking out the party shown not to be a partner, and correcting the description of the partnership, does not work a discontinuance of the entire action.—*Jones v. Englehardt*, 78 Ala. 505.

The suit is brought by appellee against appellant, to recover the price paid for painting the roof of her house, the defendant furnishing a paint known as "The Mott Fire-Proof Paint." The complaint contains two counts—one for money had and received, and the other on an express warranty against leaking for the term of five years. The defendant, denying an express warranty, or representation of a fact, relies on the special defense, that he had no personal knowledge of the paint, and so stated, and merely gave an expression of opinion as to its value, based on the statements of his vendor. If the jury should find, on the evidence,

[Englebardt v. Clanton.]

that there was either an express or implied warranty of the utility and fitness of the paint for the purpose to which it was to be applied, and that it was worthless and unfit for such purpose, there can be no question of plaintiff's right to recover. For the purpose of showing an express warranty, or representation of facts from which a warranty may be implied, it is admissible to prove that the defendant, at the time of making a contract with one person, to paint the roof of his house with a particular kind of paint, in which he was dealing, represented that it was valuable for closing up and stopping leaks of roofs, and also represented and guaranteed that the roofs of houses painted therewith would last without leaking for five years; and that the same person, as the agent of the plaintiff, shortly thereafter made a contract with the defendant to paint the roof of plaintiff's house with the same paint, in the same way, at an increased price. The admissibility of the evidence rests on the principle, that when a representation as to the fitness of an article for a particular purpose, made by a dealer to one person, in respect to a sale for such purpose, is communicated to a third person, who, acting upon it, makes a subsequent purchase of the same article, such communication being known to the dealer, and he remains silent, it will be treated as if directly made by him to such third person.—*Crocker v. Lewis*, 3 Sumner, 1. From the facts above stated, if found by the jury to be true, the inference may be reasonably drawn, that the representations and warranties, on the faith of which the first contract was made, were, in the absence of countervailing proof, contemplated by the parties, and constituted the ground on which the plaintiff entered into the subsequent contract.

The charge requested by the defendant, as to what is essential to create an implied warranty, asserts a correct proposition in ordinary sales of personal chattels. As a general rule, there must be an affirmation of a fact, as distinguished from a mere expression of opinion. Puffs of commodities offered for sale, merely commendatory words, such as are usual, are not regarded as contractual, nor imposing a liability. But charges should be framed and given in reference to the evidence, and its tendencies to establish or disprove any or all of the grounds, within the issues made by the pleadings, on which plaintiff claims a right to recover. When so considered and construed, the charge is abstract, there being no evidence that mere words of praise or com-

mendation were used, and it ignores all reference to the evidence tending to show an express or implied warranty and representation of facts.—*Thorne v. McVeagh*, 75 Ill. 81.

At the request of the plaintiff, the court instructed the jury, that if the defendant was dealing in the paint, and the agent of plaintiff, in making the contract, relied upon the judgment and skill of the defendant as to the paint, then there was an implied warranty that the paint should be reasonably fit for the purpose to which it was to be applied. An implied warranty may arise from the relation which the seller sustains to the article, its sale for a particular purpose known to him, and the reliance of the purchaser on his skill or judgment to furnish what is fitted for the purpose. When a manufacturer of articles, intended for a special purpose, contracts to sell those of his own manufacture, he will be held to a stipulation, in the absence of an express warranty, that they shall be reasonably fit for the purpose for which manufactured.—*Snow v. Shoemacher Man. Co.*, 69 Ala. 111; *Pacific Guano Co. v. Mullen*, 66 Ala. 682. The same rule extends to dealers in articles sold for a special use or purpose. It is stated by Mr. Benjamin as follows: " When a manufacturer, or a dealer, contracts to supply an article which he manufactures or produces, or in which he deals, to be applied to a particular purpose, so that the buyer necessarily trusts to the judgment or skill of the manufacturer or dealer there is in that case an implied term of warranty that it shall be reasonably fit for the purpose to which it is to be applied."—2 Benj. on Sales, §§ 988, 995; *Perry v. Johnston*, 59 Ala. 648. The doctrine is especially applicable when the manufacturer or dealer not only supplies the article, but also makes the intended application. In contracts of purchase and sale, when an examination is impracticable from the nature of the article, and it is evident that the purchaser necessarily relies on the judgment or skill of the dealer, the implied warranty extends to defects unknown to him. In such case, the law devolves on him the duty and obligation to ascertain and judge of the fitness of the article for the particular use or purpose for which he agrees to furnish it.—2 Benj. on Sales, § 994; *Rogers v. Niles*, 11 Ohio St. 48. The circumstances requisite to an implied warranty in such case are, that the seller shall be a manufacturer or dealer, shall have information of the particular use for which the article is intended, and the purchaser trusts to the judgment or skill of the manufacturer or dealer from necessity

[Ala. Great Southern R. R. Co. v. Thomas & Sons.]

or other sufficient causes, and not on his own judgment. If a person orders a specified article for a special purpose, and the dealer informs him that he has no personal knowledge of the article or of its fitness, it can not be said that the purchaser relies on the judgment or skill of the dealer. He purchases, under such circumstances, on his own judgment, and at his own risk. The doctrine of *caveat emptor* applies. The charge withdraws from the consideration of the jury, whose prerogative it is to pass on the credibility of the testimony, the evidence of the defendant in respect to the statements which he testifies he made to the agent of plaintiff.

Charge number two requested by plaintiff invaded the province of the jury. It assumes as a fact that representations were made to the agent of plaintiff, the ascertainment of which should have been left to the jury, and bases her right to recover on the hypothesis, that the agent relied on the representations without reference to their character, and that the paint was worthless.

Reversed and remanded.

STONE, C. J., not sitting.