## Yandell v. Anderson & Spilman.

(Decided March 23, 1915.)

### Appeal from Boyle Circuit Court.

1. Sales—Warranty—Seed—Damages—Evidence.—In an action for damages for breach of warranty in the sale of seed, evidence examined and held that the finding of the jury in favor of the defendant was not flagrantly against the evidence.

2. Sales—Warranty—Implied Warranty—Facts Negativing Implied Warranty.—Where the seller of seed wheat brought from a neighboring State informs the purchaser that he knows nothing about the wheat, either as to its name or kind, except the information contained in letters, telegrams and inspectors' receipts received from his vendor, and the purchaser after inspecting the wheat makes the purchases alone upon these statements, there is no implied warranty either as to the name or quality of the wheat sold.

3. Pleading—Warranty—Necessity for Plea.—Where, in an action for damages for breach of warranty in the sale of seed wheat, the warranty is denied, the defendant may show facts negativing the warranty and have this phase of the case submitted to the jury without pleading such facts.

C. R. McDOWELL, C. C. BAGBY, HENRY JACKSON, P. H. TAYLOR, W. S. LAWWILL and CHAS. C. FOX for appellant.

ROBERT HARDING, CHARLES H. RODES, JOHN W. RAWLINGS, EMMET PURYEAR and NELSON D. RODES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is an action by plaintiff, L. P. Yandell, against defendants, Anderson & Spilman, to recover damages for an alleged breach of warranty in the sale of seed wheat. From a verdict and judgment in favor of the defendants plaintiff appeals.

Plaintiff is a Boyle County farmer. Defendants, Anderson & Spilman, are partners engaged in the milling business in Danville. In August, 1910, defendants received from the W. L. Green Commission Company, of St. Louis, a sample of a car of wheat which that company offered to sell defendants. The Green Company described the wheat as No. 1 Red Wheat and the bag which contained the sample was marked with the name "Red Fultz." Defendants bought the wheat at the instance of two Boyle County farmers, who inspected the sample and wanted some of the wheat for seed. After the arrival of the wheat defendants wrote to the Green Commission Company for information concerning it. They were advised that the wheat was raised in an extreme northwest county of the State of Missouri. This was the first car of foreign wheat that defendants had ever bought. In September, 1910, plaintiff purchased from defendants 231 bushels of the Missouri wheat. Plaintiff claims that when he made the purchase defendant Anderson showed him two kinds of wheat, one of home-grown wheat and the other the Missouri wheat. According to plaintiff's version of the affair, Anderson stated to him that the Missouri wheat was Red Fultz, a winter wheat, and a very good wheat producing seed. Before the purchase was made, defendant Anderson frequently assured plaintiff of this fact. Plaintiff's evidence further shows that the yield from the seed wheat thus purchased was very much less than it would have been had the wheat been of the kind represented or a good wheat producing seed. Plaintiff's evidence further tends to show that a large portion of the wheat in the car which defendants purchased from the Green Commission Company was a spring wheat and not suitable for planting in Boyle County. On the other hand, defendants deny that they represented to plaintiff either that the wheat in question was Red Fultz or that it was a good wheat producing seed. They further say that plaintiff himself carefully examined the wheat and inquired as to the variety. They told him they did not know the variety or quality; that all they knew about it was that it was inspected No. 1 Red in St. Louis and that the samples of the wheat were marked "Red Fultz;" they knew nothing more about it than that. Defendants also introduced evidence to the effect that the wheat in question was No. 1 Red Fultz and a winter wheat.

Plaintiff's first contention is that the the verdict is flagrantly against the evidence. On the question of the warranty plaintiff testifies one way and the defendants the other. Under these circumstances, it cannot be said that the finding of the jury on this question is flagrantly against the evidence. As to the kind of wheat; the evidence is too voluminous to be set out at length. It is true that there are a number of circumstances in the case which tend to sustain plaintiff's contention that the wheat purchased was not a winter wheat. This evidence, however, is not of such a decisive and convincing character as to justify the conclusion that the finding of the jury as to the kind of wheat is flagrantly against the evidence.

Complaint is also made of instruction No. 5, which was given at the instance of the defendants, and is as follows:

"Although you may believe from the evidence that the defendants sold the wheat to plaintiff for the purpose of sowing same, yet, if you further believe from the evidence that the defendants, at the time or before plaintiff purchased the 231 bushels of wheat for seeding purposes in Boyle County, Kentucky, they or either of them told plaintiff that they knew nothing about the wheat, either as to its name or its kind, except what they were informed by Green & Company in respect to same, through the letters, telegrams and inspectors' receipts received from Green & Company, and sold it alone upon the statements set out in this instruction, or their substance, there was in law no warranty as to said wheat, and the law is for the defendants, and you will so find."

In addition to the above instruction, the court gave to the jury two instructions on express warranty and one instruction on implied warranty. It is insisted that instruction No. 5 was improper, not only because it nullified instruction No. 3 on implied warranty, but for the additional reason that it was not authorized by the pleading. While a warranty that seed are reasonably suitable for the purpose for which they are sold may be implied from the circumstances attending the sale, yet the facts under which the sale is made may be such as to repel this implication. This frequently happens where the purchaser and seller have equal means of knowledge as to the kind or fitness of the thing for the purpose for

which it is sold, and where the seller informs the purchaser that he has no knowledge of the article purchased. So it is held that any words or conduct sufficient to show that the sale was made with the understanding that the purchaser should take the goods as they are, will prevent a warranty from being implied. Where the purchaser is so informed he necessarily purchases on his own judgment and his own risk. In such cases the doctrine of *caveat emptor* applies. 15 A. & E. Ency. of Law, 1236; Englehardt v. Clanton, 83 Ala., 336; Williston's Law of Sales, Section 239; Young v. Plattner Co. (Colo.), 91 Pacific, 1109. If this principle of law was applicable to the facts in this case, and we think it was, the instruction on the subject is not erroneous because it nullified the instruction on implied warranty, for if the facts were true, and that was a question for the jury, there was no implied warranty. Nor is there any merit in the contention that the defense set forth in instruction No. 5 was not pleaded. Plaintiff sought a recovery on both an express and implied warranty. Defendants denied the warranty. Under this denial it was competent for them to show, not only that there was no express warranty, but to establish facts negativing an implied warranty, and to have this phase of the case submitted to the jury without a plea to that effect which, as a matter of fact, would have amounted to nothing more than an affirmative denial.

Lastly, it is insisted the court erred in refusing to permit plaintiff to prove the quantity of wheat raised by various farmers on land similar to his from home-grown seed other than Red Fultz wheat. It is insisted that this evidence was competent because defendants denied that they sold to plaintiff any particular kind of wheat, but admitted they did sell him winter wheat for seeding purposes. Whether or not the evidence was admissible we deem it unnecessary to determine. It is sufficient to say that the rejected evidence bore solely on the question of damages, and we have frequently held that error in rejecting evidence on the question of damages is not prejudicial where no damages are allowed.

Judgment affirmed.