292 P.2d 990
**ANDERSON–THOMPSON, Inc.,**
Plaintiff-Appellant,

v.

**T. C. CALLEY, Defendant-Appellee.**
No. 6024.

Supreme Court of New Mexico.

Jan. 25, 1956.

Robert E. Fox, Sante Fe, for appellant.
Rowley, Breen & Bowen, Tucumcari, for appellee.

COMPTON, Chief Justice.

Appellant, plaintiff below, rests its case on appeal on an alleged warranty arising out of a contract for the sale of certain sudan seed. The agreement between the parties consists of a memorandum designated "purchasing agreement" and is as follows:

"Purchasing Agreement

11–12–54

"Whereby Anderson-Thompson, Inc. of Lamar, Colo. is buying crop of cert. sweet sudan subject to final certification at 12¢ for the thresher run seed at thresher. Buyer to stand ex-

pense of hauling, cleanout, cleaning & bagging & cost of certified tag & seals and pay for storage for the month of Dec. at Melrose. Down payment of $2500.00 is being made in good faith of purchase. Balance to be paid when seed is received by buyer after Jan. 1st 1952.

"In case seed does not germinate sufficiently to make certification but germinates 75% or over buyer will take said seed as uncertified at 10¢ per lb.

"Anderson-Thompson, Inc.
Lamar, Colo.
By (signed) Z. C. Thompson, Pres."

The complaint alleges that the sudan seed was contaminated with noxious weed seed, a fact unknown to appellant but known to appellee at the time. Appellant sought rescission of the contract, recovery of the down payment and damages. Issue was joined thereon; and by counter-claim, appellee sought a forfeiture of the down payment, balance of the purchase price and damages. The trial was to a jury which awarded appellee $1,400 as a balance due on the purchase price. Judgment was entered accordingly, and to review alleged errors, appellant prosecutes this appeal.

Appellant contends that notwithstanding the terms of the contract, there was an implied warranty that the crop was free of noxious seed. Appellant is a Colorado corporation, dealing in both certified and uncertified seed. In the fall of 1954, its agent, Mr. Thompson, was informed that appellee was a grower of high grade seed suitable for certification by New Mexico State Seed Laboratory. He contacted appellee on three separate occasions with a view of purchasing the crop of seed in question, the last time was on November 11, 1954, while the crop was being threshed. After some discussion about prices, etc., they entered into the foregoing contract. Thereafter, appellant exercised exclusive control of the seed. The crop harvested 43,640 pounds of seed, after which it was moved to Farmer's Elevator in Melrose for cleaning and storage. In cleaning, there was an unusual "clean-out" of 10,740 pounds, leaving 32,900 pounds of cleaned seed. The seed was then placed in bags and stored in the elevator in Melrose, New Mexico. Later, Mr. Thompson was informed that the seed could not be certified by the laboratory because of the presence of noxious weed seed. He had 130 bags recleaned and still the seed failed to meet the test for certification. Appellant then sought to avoid the contract and recover the down payment and damages.

As we view the case, the contract alone is controlling. Clearly, no warranty was granted or implied. The crop of seed was purchased, thresher run. The only concern appellant manifested when the contract was drawn, was whether the seed

would meet the test as to germination, a contingency taken care of by the agreement itself. By the very terms of the agreement, the "clean-out" and "cleaning" of the seed was appellant's obligation. And there is abundant evidence that had the seed been thoroughly cleaned, there would have been no difficulty in meeting the test of certification. Not only did appellant obligate itself to clean the seed, but there is evidence that appellee was expressly denied the right to do so. So, appellant is in no position to rely on the principle of implied warranty, even if this well-recognized doctrine were applicable. See Belt Seed Co. v. Mitchelhill Seed Co., 236 Mo.App. 142, 153 S.W.2d 106; Yandell v. Anderson & Spilman, 163 Ky. 702, 174 S.W. 481.

█ The conclusion reached disposes of the appeal. But an instruction given by the court, requires discussion. The instruction reads:

"6. You are instructed *that if you believe from the preponderance of the evidence* that where there is a sale of seed and the seller knows that the buyer intends such seed for seeding purposes, that there is an implied warranty that such seed is free from latent defects and reasonably free from foreign matters and other seed, and if you find that there was in this case a breach of implied warranty, then the purchaser is entitled to the rescission of the contract." (Emphasis ours.)

Neither party objected to the instruction; however, on appeal, appellant asserts that it constitutes fundamental error. While the doctrine of fundamental error has its place in this jurisdiction, State v. Heisler, 58 N.M. 446, 272 P.2d 660; State v. Garcia, 46 N.M. 302, 128 P.2d 459; State v. Garcia, 19 N.M. 414, 143 P. 1012, the facts do not warrant its application here. Doubtless, had either party directed the court's attention to the questioned phrase, "that if you believe from the preponderance of the evidence," appearing in the instruction, it would have been deleted.

Assigned as error is the refusal of the court to give appellant's tendered instruction applying the doctrine of implied warranty. What we have said disposes of this claim of error, implied warranty is not in the case.

The judgment should be affirmed, and it is so ordered.

LUJAN, SADLER, and McGHEE, JJ., concur.

KIKER, J., not participating.