## Commonwealth, by Bosworth, Auditor v. Washington Life Insurance Company.

(Decided June 19, 1914.)

### Appeal from Franklin Circuit Court.

Insurance—Foreign Companies—Doing Business in State.—Where an insurance company goes into a State and makes insurance contracts, it does not cease to do business therein by merely withdrawing its agents and ceasing to solicit new business, if it continues to receive premiums upon the contracts effected by it. Such company cannot relieve itself of the tax imposed under Section 4226, Ky. Stat., by withdrawing from the State and transferring its risks to another foreign company.

JAMES GARNETT, Attorney General, C. R. McDOWELL and JOHN A. JUDY for appellant.

J. C. W. BECKHAM, FRANK EWING for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

The Commonwealth of Kentucky, by H. M. Bosworth, its Auditor of Public Accounts, instituted this action in the Franklin Circuit Court, against the Washington Life Insurance Company, alleging that the defendant company under license and authority to do business in this State granted upon application to the insurance commissioner, effected contracts of life insurance therein until the year 1908 when it voluntarily withdrew from the State; that it filed with the Auditor of Public Ac-

counts for deposit in the Insurance Department, the statement required by law of the amount of premiums collected by it during the year 1908, and paid into the State Treasury the tax thereon.

It was further alleged that during the year 1909, defendant company, or the Pittsburg Life & Trust Company (which company reinsured the business of defendant company), collected premiums upon the policies which had been written by defendant company when it was effecting contracts of insurance in the State, amounting to at least $49,000.00; that defendant company had failed and refused to file the statement thereof as required by law, and to pay the two per cent tax thereon.

Plaintiff prayed that defendant company be required to answer and disclose the exact amount of the premiums so received by it or the Pittsburg Life & Trust Company during the year 1909 upon policies of insurance effected by defendant company when it was effecting insurance within the State; or that upon failure of defendant company so to do, it might have judgment against defendant in the sum of $980.00, being 2% on $49,000.00, the alleged total of the premiums so received.

Defendant company filed a demurrer and an answer to the petition; and the cause being submitted upon plaintiff's demurrer to each paragraph of the answer, the court overruled the said demurrer, and sustained defendant's demurrer to the petition. Plaintiff declining to plead further, the petition was dismissed, and of that ruling, plaintiff complains upon this appeal.

It is proper to say that the judgment appealed from was rendered by the circuit court prior to the decision by this court of the case of the Commonwealth v. Provident Savings Life Assurance Society, 155 Ky., 197, 159 S. W., 698. In that case, it was held that a foreign life insurance company, having been admitted to do business in this State, and having here effected contracts of insurance, cannot by its subsequent withdrawal from the State escape liability for the tax upon renewal premiums collected by it after such withdrawal, upon contracts of insurance effected by it when it was effecting insurance contracts in the State. Upon the authority of that case, the demurrer to the petition should have been overruled; and as the first paragraph of the answer was a mere denial of defendant company's duty to file the statement and pay the tax sought to be recovered, the de-

murrer to that paragraph of the answer should likewise have been sustained.

2. By the second paragraph of the answer, defendant company alleged that of the sum collected by it as premiums during 1909, or rather by the Pittsburg Life & Trust Company, only $586.15 was premiums upon insurance contracts effected by it in Kentucky after June 15, 1906; and that the act under which the recovery herein is sought became effective on June 15, 1906, and that the plaintiff had no right to recover any tax upon the premiums collected upon policies effected by defendant company prior to June 15, 1906.

The demurrer should have been sustained to this paragraph of the answer also. Section 4226, Kentucky Statutes, under which the recovery herein is sought, in its present form was originally enacted as a part of the Revenue Law of 1902, and it appears in virtually the same form as a part of the Revenue Law of November 11, 1892 (Acts 1891-2-3, Chapter 103, Article 11, Section 6), being later carried into Kentucky Statutes, 1899, as section 4227.

3. As to paragraphs three, four, five and six of the answer, which are directed to the denial of the constitutionality of sections 4226 and 4230a, Kentucky Statutes, these matters were concluded by the case of the Commonwealth v. Provident Savings Life Assurance Society, *supra*. The demurrer to these paragraphs of the answer should also have been sustained.

Judgment reversed.