## Commonwealth, By Bosworth, Auditor of Public Accounts v. Illinois Life Insurance Company.

(Decided June 19, 1914.)

### Appeal from Franklin Circuit Court.

Insurance—Foreign Companies—Doing Business in the State—Taxation.—Where an insurance company goes into a State and makes insurance contracts, it does not cease to do business therein by merely withdrawing its agents and ceasing to solicit new business when its contracts are continued and it receives premiums upon the contracts effected by it therein. Such company cannot relieve itself by its subsequent withdrawal, of the tax imposed under Section 4226, Ky. Statutes. And, where, while it has authority to, and is effecting insurance contracts in the State, it reinsures the policy contracts of a domestic insurance company, its act in that respect is equivalent to the writing of original insurance to the extent involved, and it must pay the premium tax thereon notwithstanding its subsequent withdrawal from the State.

JAMES GARNETT, Attorney General, C. R. McDOWELL and JOHN A. JUDY for appellant.

J. C. W. BECKHAM, HENRY W. PRICE for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

The Commonwealth of Kentucky, by H. M. Bosworth, its Auditor of Public Accounts, instituted this action in the Franklin Circuit Court against the Illinois Life Insurance Company, alleging that defendant company, under license and authority to do business in this State, granted upon application to the Insurance Commissioner thereof, effected contracts of life insurance in this State, up to and including the year 1910, at which time it voluntarily withdrew from the State; that it filed with the Auditor of Public Accounts for deposit in the Insurance Department as required by law, a statement under oath of the amount of the premiums collected by it for all years up to and including 1910, and paid into the treasury of the State the tax due thereon; that during the year 1911, defendant company collected from its policyholders in this State upon contracts of insurance effected by it when it was writing insurance in the State, the sum of $75,000.00, as premiums, but failed and refused to file the statement thereof as required by law for the year 1911, and failed and refused to pay the tax due thereon. Plaintiff prayed that the defendant company be required to answer and disclose the exact amount of premiums received by it during 1911 on policies of insurance effected by it when it was writing insurance in the State, and to pay the two per cent tax thereon, or upon the failure of defendant company so to do, that it might have judgment against defendant in the sum of fifteen hundred dollars.

Defendant company filed a demurrer to the petition and an answer, to each paragraph of which answer plaintiff demurred, and the cause being submitted upon the pleadings, the court overruled the demurrer to the answer and sustained the demurrer to the petition. Plaintiff declining to plead further, the court dismissed the petition, and from that judgment, plaintiff appeals.

It is proper to say that the judgment appealed from was rendered by the circuit court prior to the decision by this court of the case of the Commonwealth v. Provident Savings Life Assurance Society, 155 Ky., 197, 159 S. W., 698, in which case it was held that a foreign life insurance company having been admitted to do business in this State, and having effected contracts of insurance acting under such authority, cannot by its subsequent withdrawal from the State, escape liability for the tax imposed upon premiums collected by it after such with-

drawal upon contracts of insurance written by it when it was effecting contracts in this State.

We are asked by appellee to give further consideration to the questions therein decided, and we have done so, with the result that we have concluded to adhere to the rule therein announced.

The demurrer to the petition should have been overruled and likewise, the demurrer to the first paragraph of the answer should have been sustained, as that paragraph is not a denial of the allegations of the petition, but merely denies the duty of defendant company to file the statement required by law, and its liability to pay the tax sought to be recovered.

2. In the second paragraph of the answer, it is alleged in substance that during the year 1911, defendant company received the sum of $8,581.98 as premiums upon insurance contracts effected by it while it was writing insurance in the State; and, that it also collected during 1911, from former policyholders of the Mutual Life Insurance Company of Kentucky, the sum of $50,189.49, having by a contract entered into with that company in 1902, reinsured all the policies issued by that company, which was organized and then doing business under the laws of Kentucky. It was further alleged that during 1911, defendant company also collected from former policyholders of the Kansas Mutual Life Insurance Company, a Kansas corporation, $2,465.51 upon contracts effected by that company which had been transferred to defendant company.

So, it will be seen that the premiums receipts of defendant company for the year 1911, and upon which the tax is sought to be recovered, were of three classes: (1) premiums on policies written by it when it was effecting insurance contracts in the State; (2) premiums on policies originally written by a domestic life insurance company, and reinsured by defendant company when it was effecting contracts of insurance in the State; and (3) premiums on policies written by a foreign life insurance company and by it transferred to defendant company.

As to the first class, these policies were issued by defendant company itself, and upon the authority of the Commonwealth v. Provident Savings Life Assurance Society, *supra*, it is liable for the tax thereon.

As to the second class of premiums, the policies upon which same were paid were reinsured by the defendant company when it was authorized to effect insurance in the

State, and its act in that respect was equivalent to the effecting of original insurance contracts therein. It cannot, therefore, escape the tax herein sought to be collected by its subsequent withdrawal from the State.

As to the third class mentioned, the answer does not disclose when defendant company assumed these contracts, nor whether the Kansas Mutual was ever authorized to do business in the State, nor whether it effected the contracts mentioned within the State, nor whether having been so authorized, and having so effected these contracts of insurance within the State, it subsequently withdrew therefrom; and the facts pleaded are not sufficient to enable the court to determine the liability of defendant company for the tax thereon.

The demurrer to the second paragraph of the answer should have been sustained.

3. The remaining paragraphs of the answer are directed to the denial of the constitutionality of sections 4226 and 4230a, Kentucky Statutes, and the demurrer to these paragraphs should also have been sustained. These matters are concluded by the case of Commonwealth v. the Provident Savings Life Assurance Society, *supra*.

Judgment reversed.