### Provident Savings Life Assurance Society v. Commonwealth.

(Decided October 1, 1914.)

### Appeal from Franklin Circuit Court.

Taxation—Insurance Companies.—Where an insurance company, while authorized to and doing business in this State, issued policies of insurance, and afterwards withdrew from the State by removing its offices and agents, and reinsured its business in another foreign company, it remained liable, under sections 4226 and 4230a of the Kentucky Statutes, for the tax due on premiums collected by it or its successor after it had withdrawn its offices and agents from the State and reinsured its business in another company.

WM. MARSHALL BULLITT, CLARENCE C. SMITH, BRUCE & BULLITT and KEITH L. BULLITT for appellant.

GAMES GARNETT, Attorney General; JOHN A. JUDY and C. R. McDOWELL for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is the second appeal in this case. The opinion on the first appeal may be found in 155 Ky., 197. On a return of the case after its reversal by this court, the appellant filed an answer in which it averred that it was

a foreign corporation, organized under the laws of the state of New York, and that on January 1, 1907, it ceased to do business in the State of Kentucky and withdrew from the State. That on January 1, 1911, the Postal Life Insurance Co., a foreign corporation organized under the laws of the State of New York, reinsured all of the business of the appellant written in Kentucky and assumed and agreed to perform all of the obligations of the company in respect to policies issued in Kentucky.

That between January 1, 1907, and January 1, 1911, all premiums paid to appellant by persons on policies theretofore issued in Kentucky were paid to it at its home office in New York by such persons mailing to it at such office the premiums. But after January 1, 1911, all premiums accruing on policies written by it while it was doing business in this State were paid to the Postal Life Insurance Company, which company at no time had an office or agents in this State and did not solicit or write any business therein, and the premiums paid to it on account of its reinsurance of the business of appellant were paid by the insured mailing the premiums to it at its home office in New York. It further averred that sections 4226 and 4230a of the Kentucky Statutes, as construed by this court in the former opinion, which held that notwithstanding the fact that appellant ceased to do business in the State in the manner stated, it was liable for the tax, under these sections, violated the 14th Amendment to the Constitution of the United States.

To this answer a general demurrer was sustained and judgment entered against the appellant for the amount of tax due the state for the years 1908, 1909, 1910, 1911 and 1912. To this judgment the appellant excepted and prosecuted its appeal to this court.

It does not seem necessary that we should write an extended opinion in this case, as the questions involved have been determined by this court adversely to the contention of appellant in Commonwealth v. Provident Savings Life Assurance Society, 155 Ky., 197; Commonwealth v. Illinois Life Insurance Co., 159 Ky., 589, and Commonwealth v. Washington Life Ins. Co., 159 Ky., 581.

If it should be said that the question as to the liability of the appellant for the tax on the premiums collected by the Postal Life Insurance Company was not expressly decided in these cases, then we have no doubt that it is liable for the tax on these premiums to the same

extent as if the reinsurance had not been affected and the premiums were paid directly to it. A foreign insurance company doing business in this State will not be permitted to escape the payment of taxes by reinsuring its policyholders in another company that it avers has never been authorized to do and has not done any business in this State.

Being further of the opinion that the sections of the statute referred to do not violate the 14th Amendment to the Constitution of the United States, the judgment appealed from is affirmed.