## Illinois Life Insurance Company v. Commonwealth, By et al.

(Decided February 1, 1916.)

### Appeal from Franklin Circuit Court.

1. Taxation—Non-Resident Life Insurance Company—When Not Liable for Tax on Premiums.—A non-resident life insurance company is not liable for the taxes imposed under sections 4226 and 4230a, Kentucky Statutes, upon premiums accruing and collected after it ceases to do business in this State, upon policies of insurance written while doing business in the State.
2. Overruled Cases.—Commonwealth vs. Provident Savings Life Assurance Society, 155 Ky., 197; Commonwealth vs. Illinois Life Insurance Co., 159 Ky., 589; Commonwealth vs. Washington Life Insurance Co., 159 Ky., 581; Provident Savings Life Assurance Society vs. Commonwealth, 160 Ky., 16.

KOHN, BINGHAM, SLOSS & SPINDLE and J. C. W. BECKHAM for appellant.

JAMES GARNETT, Attorney General; C. R. McDOWELL and JOHN A. JUDY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This appeal involves facts exactly similar; the construction of the same sections of the Kentucky Statutes, sections 4226 and 4230a, and the precise questions of law involved in the case of Provident Savings Life Assurance Society v. Kentucky, which upon appeal to this court was decided (160 Ky., 16) in favor of appellee, and upon writ of error in the United States Supreme Court was decided (239 U. S., —, 36 Sup. Ct., 34, 60 L. Ed., —) adversely to appellee.

Counsel for appellee say that in the Provident Savings Life case, in both this court and the United States Supreme Court, the Kentucky Statutes involved were assumed rather than construed to impose a tax upon foreign life insurance companies, such as appellant, of $2.00 on the $100.00 of premiums and renewals collected by such companies for and in the years in which said premiums and renewals were collected without regard to the year in which the insurance was written.. And counsel upon this statement are now urging that the sections of the statutes involved do not in fact levy the tax upon the premiums provided for in the policy in the years in which they are collected, but levy a tax rather in and for the year in which the insurance was written upon the aggregate premiums which the insured contracted to pay during the life of the policy, without regard to the year in which the premiums are collected; that this distinction was not presented in the Provident Savings Life Assurance Society case, and for that reason the decision of the United States Supreme Court in that case is not conclusive in this case. In other words, that the decision of the United States Supreme Court in the Provident Savings Life Assurance Society case was based upon the assumption or incorrect conclusion that the tax imposed was upon the premiums accruing and collected within the years when the company was held not to be doing business in this State, when, as a matter of fact, the statute imposes the tax upon premiums accrued and thereafter to accrue in the year in which the policy was written, at which time the company is conceded to have been doing business in the State.

Even if counsel's contention is true, it is a fact nevertheless that the Supreme Court of the United States in the Provident case did hold that the company was not liable for taxes upon the premiums accruing and collected in the years subsequent to the year in which the policy was written and after the company had withdrawn from the State; and appellee's contention does not present a question that was not involved and decided in that decision, but simply presents a new reason or method of interpreting the statutes involved that was not in that case presented. This, in our judgment, does not differentiate this case from that, but simply presents an argument which, at the most, if presented in the former case might have afforded the court a reason for

a different conclusion, or which if presented to that court in another case might result in the former case being overruled; but, be that as it may, the Supreme Court of the United States did construe the statute adversely to appellee's contention, and we are bound thereby.

However, we are unable to agree with counsel's argument that the statutes involved do, or that it was the legislative intention to impose the tax, upon the aggregate of premiums then paid and thereafter to be paid, in the year in which the policy was written. The company by the statute is required to report "all premiums receipted on the face of the policy for original insurance and all renewal premiums received in cash or otherwise" during the year preceding the year in which the report was made, and the tax is imposed "upon each $100.00 of said premiums as ascertained" from the report. It is apparent to us that said statutes did not levy or attempt to levy the tax upon the aggregate premiums paid and to be paid under the policy in the year in which the policy was written.

Whether the State could and ought to have so levied the tax as argued by counsel is not involved.

The judgment herein having adjudged the payment of taxes by appellant for which, under Provident Savings Life Assurance Society v. Kentucky, 60 U. S. L. Ed., it is not liable, the same is reversed with directions to dismiss appellee's petition.