## International Harvester Company of America v. Bean.

(Decided October 1, 1914.)

### Appeal from Ohio Circuit Court.

1. Sales—Warranties—Implied Warranties—Exclusion of by Contract or Express Warranty or Refusal to Warrant.—The warranty of fitness for particular use which is implied by law where a manufacturer sells machinery for a purpose made known to him by the buyer thereof, relying on the skill and judgment of the manufacturer in selecting machinery adapted thereto, is a warranty which attaches itself to the contract of sale independent of any express representation by the manufacturer of the suitability of the machinery for such use; it attaches by implication of law as a direct result of the communication by the buyer to the manufacturer of the nature of the intended use. And, while if the parties to such a contract expressly stipulate against all warranties implied by law, none will be imposed against their consent, still such stipulation will not be given effect unless fairly made as a part of the contract of sale. Such a stipulation, relieving as it does the manufacturer from duties imposed by law, will be conclusively presumed to have been inserted in the contract for the sole benefit of the beneficiary of such relieving stipulation, and effect will not be given to such stipulation unless its inclusion in the contract of sale was fairly procured.

2. Sales—Modification or Rescission of Contract—Time for Rescission and Laches.—The buyer may have rescission of a contract of sale for breach of warranty though the contract be executed; but the offer to rescind must be made within a reasonable time

after the discovery of the breach of warranty; and what is a reasonable time depends upon the circumstances of the case.

3. Sales—Performance of Contract—Quality and Fitness and Condition of Goods.—Where a contract for an auto-wagon called for a vehicle like that shown on page 15 of the seller's catalogue, and no other description was given as to horse-power, etc., and on that page of the catalogue a vehicle was illustrated and printed matter thereon recommended that pattern of vehicle for certain uses, the description there given became part of the contract, and failure to furnish such a vehicle as there illustrated and described was non-performance of the contract of sale, and such default as to constitute grounds for rescission thereof.

H. P. TAYLOR and HUMPHREY, MIDDLETON & HUMPHREY for appellant.

M. L. HEAVRIN, ERNEST WOODWARD, J. M. PORTER and A. D. KIRK for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

L. B. Bean was engaged in the operation of a transfer line for the transportation of passengers and their baggage, and mail, express and freight shipments, between Hartford and Beaver Dam, in Ohio County.

He was visited by an agent of the International Harvester Company of America, who proposed to furnish an auto-wagon suitable for operation in the transfer line mentioned. This agent was made acquainted with the nature and condition of the roads to be traversed and the needs and requirements of Bean in the way of vehicular equipment.

Bean possessed little or no knowledge of vehicles of this character and their performance under the conditions to which same would be subjected in his use, but relying on the skill and judgment of the company's agent in furnishing him a machine suited to his requirements, he ordered from the Harvester Company one auto-wagon. The Harvester Company manufactures several styles of these auto-wagons, and the particular style of auto-wagon so ordered was that selected and recommended by the company's agent.

When the auto-wagon was delivered to him, Bean paid for it, and placed it in service on his transfer line. At the expiration of about sixty days, he notified the Harvester Company that it was worthless for his purposes, and that it was held subject to the company's demand.

He thereupon instituted a suit in equity in the Ohio Circuit Court against the Harvester Company for recision of the sale and recovery of the purchase money paid by him.

The company answering, alleged that the only warranty made by it was one contained in the order signed by Bean for the vehicle in question, which contained the following language:

"The International Harvester Company of America (a corporation) hereby warrants the auto-vehicle herein ordered to be well made, of good materials, and hereby agrees to replace free of charge any broken parts that are defective (except tires, on which there is no warranty) provided they break or prove defective within sixty days from the receipt of the auto-vehicle by the purchaser, and said company is promptly requested to supply the new part, but not otherwise. Provided, also, that the defective part is delivered at the same time said request is made to the company's agent from whom it was purchased. This express warranty excludes all implied warranties, and no agent has authority to change or modify it, or to change, modify or vary in any manner any of the terms or conditions of this contract of purchase and sale."

The chancellor rendered judgment in favor of plaintiff, decreeing a rescission of the sale, directing the return of the auto-wagon to defendant company, and awarding plaintiff judgment against defendant company for the amount of the purchase price paid by him therefor, together with the costs of the action. From that judgment this appeal is prosecuted.

1. Appellant company's first contention is that appellee failed to act promptly and thereby lost his right to rescind, if any he had. It is conceded by appellant that the buyer may rescind an executed sale, for breach of warranty. Harrigan v. Advance Thresher Company, 81 S. W., 261, 26 R., 317; Ruby Carriage Company v. Kremer, 81 S. W., 251, 26 R., 274; Cook v. Gray, 2 Bush, 121. But the offer to rescind must be made within a reasonable time after the discovery of the breach of warranty, or worthlessness of the machine. Bernard Leas Mfg. Co. v. Waller, 36 S. W., 531, 18 R., 346; Bailey v. Nichols Sheppard & Co., 8 R., 64; J. I. Case Threshing Machine Co. v. Lyons, 72 S. W., 356, 24 R., 1862; Spruot Waldron & Co. v. Hunter, 98 S. W., 1006, 30 R., 380.

Appellant contends that as appellee commenced the operation of the auto-wagon on his transfer line about May 1, and continued to retain it until July 8 before he notified appellant of his claim of rescission, appellee did not act in time to perfect his right to a rescission.

The testimony for appellee was to the effect that he gave the machine a fair and thorough trial; that on two different occasions, in response to his complaints, the appellant company sent experts to examine and try to make the machine do appellee's work; and that appellee tried in every way to make the machine serve the purpose for which he bought it, but without avail; and that when appellee became finally convinced of its worthlessness for his use, he then on July 8th notified appellant company that the machine was subject to its orders.

What is a reasonable time within which the offer to rescind may be made may depend upon a number of circumstances, and in each particular case of this kind the circumstances may be different. It was a duty which appellee owed to appellant company to try to make the machine do the work for which he purchased it, and unless he held it such a length of time as would indicate that he was satisfied with it, or that he was merely retaining it for the service he was deriving from it, such holding was not unreasonable. The evidence shows that he did not use it every day of the time he retained it, for he was working on it and trying to get it into shape to serve his purposes; that he was in good faith giving it a fair trial and not merely keeping it for the use he was making of it, for it was a losing proposition from the beginning, the trouble, repairs and upkeep exceeding the profit derived from its use. The chancellor was, therefore, right in determining that appellee made his offer to rescind within a reasonable time.

2. It is further contended by appellant company that appellee is restricted to the express warranty contained in the written order for the machine which he signed. If this be true, appellee was not entitled to a rescission, for the warranty mentioned goes merely to the quality of the vehicle and not to its fitness for a particular use, and it was the unfitness of the vehicle for his use of which appellee complained, rather than of any lack of quality of its parts. His principle complaint was that the vehicle had not sufficient power to negotiate the grades on

the roads traversed by his transfer line and to haul the loads required to be transported.

The rule governing sales of machinery for a particular use is that approved by this court in Marbury Lumber Company v. Stearns Mfg. Co., 107 S. W., 200, 32 R., 739, quoting from section 988 of Benjamin on Sales, viz.:

"Where a manufacturer or dealer contracts to supply an article which he manufactures or produces or in which he deals, to be applied to a particular purpose, so that the buyer necessarily trusts to the judgment or skill of the manufacturer or dealer, there is in that case an implied warranty that it shall be reasonably fit for the purposes to which it is to be applied." See Clarke v. Johnson Foundry Co., 42 S. W., 844, 19 R., 973; 15 L. R. A. (N. S.), 855, note; 35 Cyc., 399, note 37; 102 A. S. R., 620.

And this rule is applicable here unless the warranty implied by law is excluded by the express warranty contained in the order signed by appellee heretofore mentioned.

The language of the contract here involved, as has been seen, is: "This express warranty excludes all implied warranties." The question, therefore, is: How far will the court give effect to this stipulation?

It must be borne in mind that the warranty of fitness for a particular use, which is implied by law where a manufacturer sells machinery for a purpose made known to him by the buyer thereof relying on the skill and judgment of the manufacturer in selecting machinery adapted thereto, is a warranty which attaches itself to the contract of sale independent of any express representation by the manufacturer of the suitability of the machinery for such use. It attaches by implication of law as a direct result of the communication by the buyer to the manufacturer of the nature of the intended use.

And while, if the parties to a contract for the sale of machinery under such circumstances, expressly stipulate against all warranties implied by law, none will be imposed by the court against their consent, still such stipulation will not be given effect unless fairly made as a part of the contract of sale. Such a stipulation, relieving as it does the manufacturer from duties imposed by law, will be conclusively presumed to have been inserted in the contract of sale for the sole benefit of the manufacturer, the beneficiary of such relieving stipulation, and

effect will not be given to such stipulation unless its inclusion in the contract was fairly procured.

In the case under consideration, this stipulation was contained in a printed form of order blank or contract used by appellant company. The language of the stipulation is extremely technical—"This express warranty excludes all implied warranties;" its meaning is clear to but few persons. The writing in which such stipulation appears directs appellant company to furnish to appellee an auto-vehicle, a class of machinery concerning which appellee was indisputably ignorant; and the particular style or pattern of auto-vehicle ordered was that selected and recommended by the company's agent; this is undenied. Appellee testified that he explained to the company's agent the purposes for which he intended to use the ·auto-wagon; and it is apparent that had he understood the full import of the stipulation he would not have signed the order. Under these circumstances, the court will not say that the stipulation against implied warranties was fairly procured to be included in the contract of sale. To hold that·it was so included would be to give life to the letter of the contract, and render inanimate the spirit thereof.

3. But, aside from the matter of warranties, there is another feature of this contract. Taking the contract literally, appellee bought an auto-vehicle, to be "well-made of good material." And, if appellant company failed to furnish a vehicle "well-made of good materials," it defaulted in performance of the contract. To use the homely illustration found in Benjamin on Sales, section 918, if a man sells to another peas, and send him beans in their stead, that is non-performance, not breach of warranty.

As the court said in Ideal Heating Company v. Kramer, 127 Iowa, 137, where the contract was for the installation of a heating plant, and the contract provided that the work was to be done in "good, workmanlike manner:"

"The stipulation means something more than a promise to do a job which shall look well—something more than a good example of pipe-fitting. A grist-mill which will not grind; a reaper which will not cut grain; a locomotive which will not move when proper power is applied—can hardly be said to have been constructed in a good and workmanlike manner. Even so, a heating ap-

paratus that will heat nothing but the owner's temper must be said not to fill that condition."

And so, in this case, whether warranty of fitness for particular use be implied or excluded, there is still non-performance of the contract of sale itself.

The contract provides that appellant company is to furnish appellee one auto-wagon. There were really two orders signed by appellee—the first one merely called for an auto-wagon without other description; but the second called for one auto-wagon as shown on page 15 of appellant company's catalogue, a copy of which is found in the record. On page 15 of that catalogue appears the illustration of an auto-wagon. No horse-power is mentioned; but the printed matter on that page recommends the vehicle shown as suitable for just such uses as the appellee desired a vehicle.

Fairly construed, therefore, the contract called for a vehicle of the kind there described and capable of performing the service for which it was there recommended; and the failure of appellant company to furnish such a vehicle was not breach of warranty; it was more, it was non-performance of the contract itself, and default of such character as to constitute ground for rescission of the contract of sale.

Judgment affirmed.