## Hopkinsville Motor Company v. Massie.

(Decided March 19, 1929.)

WHITE & CLARK for appellant.

H. W. LINTON and L. K. WOOD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

On February 11, 1926, the Hopkinsville Motor Company sold to W. J. Massie one new model Fordson tractor at the price of $570. Of this sum $225 was paid by an old tractor taken in exchange. $100 was to be paid in cash by March 15, 1926, and the balance of $245 was repre-

sented by a note payable September 1, 1926, with 6 per cent. interest from date. The contract of sale contained the following provisions: "It is agreed that no warranty, either express or implied, is made by you under this order or otherwise, covering said car or tractor. The above comprises the entire agreement pertaining to this purchase, and no other agreement of any kind, verbal understanding or promise whatever will be recognized."

This suit was brought by the Hopkinsville Motor Company against W. J. Massie to recover on the $245 note and enforce its lien on the tractor. Massie filed an answer and counterclaim pleading in substance that plaintiff represented that the tractor was a new model Fordson tractor and would do first-class work for which the same was designed, but that the tractor was not a new model and would not do first-class work, and that by reason thereof he had been damaged in the sum of $852, for which he asked a recovery against plaintiff. The affirmative allegations of the answer were denied by a reply, and on final hearing the court dismissed the petition, canceled the note, and gave Massie judgment against plaintiff for the sum of $75. From that portion of the judgment dismissing the petition and canceling the note plaintiff has prayed an appeal, and from that portion of the judgment limiting defendant's recovery on the counterclaim to $75 defendant has prosecuted a cross-appeal.

According to the evidence for Massie, he had an old tractor that did satisfactory work. Appellant induced him to purchase a new tractor on the representation that the new tractor had greater power and would do better work. After testing the tractor it proved deficient in power and would not do the work satisfactorily. Appellant attempted to make the tractor do the work, but could not do so. The old tractor did the work satisfactorily with the same implements. After the repeated efforts of appellant to make the machine work proved futile appellee tendered the machine back to appellant, demanded the old one, and asked for a rescission of the contract. According to appellant the tractor was a new model and did the work satisfactorily. Not only so, but the first engine in the tractor was installed in a secondhand tractor and sold to a Mr. Chapman, who testified that the tractor did satisfactory work.

Though there is substantial evidence to the effect that the failure of the tractor to work was due to the defective implements to which it was attached, or to im-

proper operation, we shall concede the correctness of the court's finding that the tractor sold would not do satisfactory work. But there recurs the question whether proof of that fact, coupled with proof of representations that the tractor would do satisfactory work, was sufficient to justify a rescission of the contract. Where the parties put their engagement in writing all prior negotiations and agreements are merged in the instrument, and each is bound by its terms unless his signature is obtained by fraud or the contract be reformed on the ground of fraud or mutual mistake, or the contract is illegal. Spotswood & Son v. Lafayette-Phoenix Garage, 207 Ky. 477, 269 S. W. 514. Appellee did not attempt to plead or prove that the oral representation that the tractor would do satisfactory work was intended to be incorporated in the written contract, but was omitted therefrom by fraud or mutual mistake. Nor did he plead nor attempt to prove that his signature to the contract was obtained by fraud. There is no claim that one writing was substituted for another, or that he was induced by appellant not to read the contract, or that the terms of the contract were misrepresented. The case is simply one where, in the face of the written contract providing that there is no warranty express or implied, he is predicating his defense on an oral warranty given prior to the execution of the contract, or on an implied warranty that the tractor was suitable for the purpose for which it was sold. Manifestly, that cannot be done if the provision to the effect that there is no warranty express or implied be valid. No rule of law is better settled than that parties competent to contract may contract as they please just so their agreement is not forbidden by some provision of the Constitution or statutes, or by some rule of the common law, or is not contrary to public policy. The provision in question does not offend in any of these respects. On the contrary, it is the general rule that personal property may be sold with or without warranty; and where there is an express stipulation that the property is not warranted a warranty will not be implied (J. I. Case Threshing Machine Co. v. McClamrock, 152 N. C. 405, 67 S. E. 991; Bagley v. General Fire Extinguisher Co., 80 C. C. A. 172, 150 F. 284; 24 R. C. L. 178), and such is the rule in this state (J. I. Case Threshing Machine Co. v. Dulworth, 216 Ky. 637, 287 S. W. 994; International Harvester Co. v. Bean, 159 Ky. 842, 169 S. W. 549; Yandell v. Anderson & Spilman, 163 Ky. 702, 174 S. W. 481).

A careful consideration of the evidence convinces us that the tractor sold was a new model, and not an old model as claimed by appellee. Had the contrary been shown a different question would be presented. In that event the case would have been one where the seller sold one thing and delivered another, thus giving rise to an action for a breach of contract and not for a breach of warranty.

Instead of dismissing the petition and canceling the note sued on the court should have rendered judgment in favor of appellant and have dismissed appellee's counterclaim.

Wherefore the appeal is granted, and the judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion. On the cross-appeal the judgment is affirmed.