### Greene v. Hyden.

(Decided May 31, 1938.)

784

LOGAN E. PATTERSON and J. J. TYE for appellant.

EARLE L. COLE, G. L. DICKINSON, and VICTOR A. JORDAN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

In July, 1936, W. A. Greene and Mrs. W. N. Hyden exchanged boilers and engines, the former agreeing to pay a difference or "boot" in the sum of $150.00 and to put a new boiler extension on the boiler he exchanged to Mrs. Hyden and to put the engine and boiler in good running condition. Mrs. Hyden used her boiler and engine in operating a grist mill. After the exchange and Greene had put on the boiler extension and claims to have made repairs necessary to put the boiler and engine exchanged to Mrs. Hyden in good running condition and had paid her the $150.00 as agreed in the contract, she instituted this action alleging in substance that the boiler had not been put in good condition but was dangerous and worthless. She sought to recover the difference between the fair market value of the engine she exchanged with Greene which she alleged was $500.00 and the sum he had paid her in the exchange. She further alleged that because of the failure of Greene to put the engine in good running condition she had been damaged by way of loss of customers and profits at her mill and sought recovery in the sum of $500.00.

By answer and counterclaim Greene admitted the contract and exchange of the engines and boilers but made a general denial of the other material allegations of the petition and alleged that he complied with his contract and had put the boiler and engine in good running condition. He further pleaded failure of warranty of the boiler and engine which Mrs. Hyden traded to him, and loss of business occasioned thereby and sought to recover alleged damages growing out of the failure of warranty.

Trial by jury resulted in a verdict for Mrs. Hyden in the sum of $300.00 for difference in engine and boilers and $200.00 for loss of profits in being unable to operate her mill and this appeal is from a judgment in conformity with that verdict.

One of the principal grounds urged for reversal is that the court erred in instructing the jury. There is some evidence for appellant that after he had put on

the boiler extension and made repairs to the engine appellee accepted it and he thereupon paid her the balance of $150.00 which he had agreed to pay her in the exchange. There is also evidence indicating that she had never attempted to operate the engine after he claims to have put it in running condition, however, she testified that she had been advised that it was in such condition that it would be dangerous to attempt to operate it. The evidence on these matters is not clear or well developed.

Under instruction No. 1 the jury was authorized to find for plaintiff such sum as they might believe was the difference between the price of the boiler and engine she exchanged with Greene and the one she received from him not to exceed the sum of $350.00, the amount claimed in her petition, if the jury believed that he failed to properly repair the engine, he exchanged with her and put it in good running condition. As we view the matter appellant agreed to turn the engine over to appellee in good running condition or in other words he warranted that it would be in such condition when he turned it over to her.

Section 2651b-69, Kentucky Statutes, which is a part of our uniform sales act prescribes the remedies for breach of warranty and fixes the measure of damages in case of breach of warranty of quality. The measure of damages as therein fixed, aside from any special damages, is "the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

Appellee pleaded damage by way of loss of business as a direct result of the failure of warranty and on proper showing of such damage would be entitled to recover on that account.

Instruction No. 2 which authorized a finding for damages for loss of business or profit permitted a recovery for the full amount sought if the jury believed from the evidence that by reason of the failure of warranty of the engine, appellee was unable to continue and carry on her business. A somewhat similar instruction was condemned in St. Marys Machine Company v. Cook, 187 Ky. 112, 218 S. W. 733, in that it did not contain a proper criterion for recovery. It is difficult from the record to determine just on what theory appellee

was proceeding but apparently she has elected to retain the boiler and engine she received from appellant and to recover for breach of warranty or failure to put the engine in condition as agreed in the contract.

In brief by counsel for appellee it is asserted that there has been no delivery of engines or boilers to appellee, and section 2651b-19, rule 2, is cited but it is quite obvious that the section has no application in this instance. Appellee would not be entitled to retain the engine and boiler and sit idly by without attempting to have appellant put it in order or do so herself; or without attempting to secure other power to operate her mill and recover damages indefinitely for loss of profit in being unable to operate her mill. According to her evidence the profit arising from the operation of her mill was about $7.00 per week although the evidence is somewhat vague regarding that matter. It is our view that in any event appellee would be entitled to recover damages only for such reasonable time as would have been required to put the engine and boiler in good running condition or to have secured power to operate the mill.

It is our conclusion that instruction No. 1 is erroneous in that it did not fix the measure of damages substantially as indicated in subsection 7 of section 2651b-69 of the statutes, and instruction No. 2 is erroneous in that it permits recovery for loss of profit without any limit as to time as above indicated and this conclusion renders it unnecessary to discuss any other questions.

Wherefore, the judgment is reversed for proceedings in conformity with this opinion.