## Kentucky Utilities Co. v. Parrott et ux.

(Decided Oct. 25, 1938.)

GORDON, LAURENT, OGDEN & GALPHIN and N. R. PATTERSON for appellant.

GOLDEN & LAY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Edgar Parrott and Fannie Parrott, his wife, have recovered judgment against the Kentucky Utilities Company for the sum of $1156.41 as damages for the destruction by fire of their household goods alleged to have been caused by the negligence of the company and the latter is appealing.

Appellees lived in a house rented from one Chappellee which was destroyed by fire on the night of January 4, 1937. The residence was served with electrical current over a system operated by appellant. It is alleged in the petition that wiring owned and maintained by appellant and connected with the residence was permitted to become and remain in a dangerous and defective condition; that such condition was known to appellant and its agents and employees; that as a result of such negligent and defective condition the house and its contents consisting of appellees' household goods and personal effects were destroyed by fire. Appellant denied all material allegations of the petition.

One of the grounds argued for reversal is that the verdict rendered by the jury is excessive. The conclusion we have reached concerning that ground, as will presently appear, renders it unnecessary to discuss other grounds and therefore all other questions are specifically reserved.

We have carefully gone over and considered the evidence of appellees concerning the value of their household goods and personal effects destroyed by the fire, and viewing their evidence in an aspect most favorable to them and all reasonable inferences that might arise from it, have concluded that the verdict and judgment is largely in excess of any sum warranted by the evidence when so considered. The evidence of Edgar Parrott is somewhat confusing concerning various items and the value that he placed on them, making it difficult to strike a total; but after setting out the principal articles such as stoves, electric refrigerator, radio, piano, beds and beddings, wearing apparel, etc., he stated that there were many other articles not mentioned and which were included in the list made by him. He fixed the value of all of their property which was destroyed at the sum for which the verdict was rendered. Taking the articles upon which he attempted to fix a value we find the aggregate to be something over $800; however, there is included in the list what appears to be very exaggerated, fanciful figures, as for example, a used piano, which he purchased six or eight years before the fire and which he valued at $250. The list from which Edgar Parrott purported to speak was not introduced in evidence and the jury was left practically altogether to speculation concerning items not specified by

this witness or his wife. The evidence of the wife did not go into as great detail as did that of her husband. Of course, we would not be understood as saying that it was incumbent upon appellees to specify in detail every little article owned by them; but there should be some substantial evidence as to the quantity, quality, and value to serve as a basis for a verdict and the jury not left to surmise and speculation concerning those matters. It is our conclusion from the evidence as a whole that the verdict is excessive.

For the reasons indicated the judgment is reversed and the cause remanded for proceedings consistent with this opinion.