## Citizens Ice & Fuel Co. v. Fairbanks, Morse & Co.

Feb. 2, 1943.

E. H. Smith and C. B. Latimer for appellant.

Bullitt & Middleton, Richardson & Redford, and Poppenhusen, Johnston, Thompson & Raymond for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The Citizens Ice & Fuel Company, of Glasgow, is challenging the correctness of the ruling of the trial court in sustaining the motion of Fairbanks, Morse & Company to require the Ice Company to make its petition

more definite, certain and specific, by showing whether the purchase arrangement between the parties referred to in the petition was oral or in writing, and, if it was in writing, to file a copy. The petition was framed with the view of basing the cause of action on an implied warranty arising out of "a state of facts," and was not intended to be based on a contract either oral or written. In substance it charged that the Ice Company bought an engine from Fairbanks, Morse & Company to be used in manufacturing ice; that the seller knew the purpose for which the engine was to be used; that it had superior knowledge concerning the engine which it manufactured and sold; that the buyer relied upon the superior knowledge and judgment of the seller as to the kind, nature and capacity of the engine; and that the engine would not perform the work for which it was purchased.

It is apparent at once that there was some type of contract or agreement between the parties relating to the purchase of the engine; otherwise, there would be no basis whatever for an action on an implied warranty. The appellee contends that its motion was proper under section 134 of the Civil Code of Practice, which provides, among other things, that:

"* * * And, if the allegations of a pleading be so indefinite or uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment. * * *"

We believe this position to be sound. Since there was some type of contractual arrangement between the parties, it seems only proper that the Ice Company should be required to set forth that arrangement in order to show the basis of its charges that an implied warranty was breached. See Barnett v. Latonia Jockey Club, 249 Ky. 285, 60 S. W. (2d) 622, and cases cited therein in support of this view.

There is an added reason why we believe the ruling of the trial court to be proper. While KRS 361.150 sets forth that an implied warranty exists where the buyer expressly, or by implication, makes known to the seller the particular purpose for which the goods are required, and the former relies upon the skill and judgment of the latter that the goods will be reasonably fit for such purpose, we have held that such a warranty may be excluded

by express agreement between the parties, or by necessary implications to be drawn from the purchase agreement. Frick Co. v. Wiley, 290 Ky. 665, 162 S. W. (2d) 190, and cases cited therein. It was pointed out in the Frick Co. case that the purchaser was contending, in effect, that he was entitled to maintain his action, regardless of the terms of the contract which reserved certain rights for the seller. That he was not permitted to do. It can be seen, therefore, that, even though an implied warranty arises by operation of law, the court must have before it the facts and circumstances relating to the purchase agreement between the parties in order that it may be in position to determine whether such a warranty actually exists.

It follows, therefore, that the ruling of the trial court in requiring that the Ice Company make its petition more definite, certain and specific was correct.

Judgment affirmed.