### MYERS v. LAND et al.

Court of Appeals of Kentucky.
Oct. 27, 1950.

As Modified on Denial of Rehearing
Jan. 26, 1951.

James F. Clay, Danville, James Park, Lexington, for appellant.

George R. Smith, Lexington, for appellees.

STANLEY, Commissioner.

George Land and Cecil Fox bought a new machine to manufacture concrete blocks from J. C. Myers, doing business as the Central Supply Company, for which they paid $5,624.57. Some accessories or parts were later acquired costing $340.00, which was not paid because of the controversy which subsequently arose.

The suit was filed nearly a year later to recover the purchase price upon the ground that the seller had misrepresented the machine and its ability to do what it was designed to do, namely, to manufacture merchantable concrete blocks. An amendment pleaded the purchasers had tendered and offered to deliver back the machinery to the seller and made demand for a refund of the money paid, which had been refused by the defendant. They also stated their continuing and present willingness and readiness to give up possession of the machinery.

The defendant denied the allegations of the petition except as to the sale and price of the machinery and filed a contract, which consists of an order and acceptance. He charged that the plaintiffs had been using the machinery for the manufacture of blocks without complaint and had not offered to rescind.

The case was submitted under an instruction which authorized a recovery of the purchase price if the jury believed that the machinery had been sold to the plaintiffs with the knowledge of the defendant of their purpose to use it and that the defendants had "represented and warranted that the said machine was free from defects and was capacitated and suitable to perform the work for which it was purchased; that the purchasers were induced to buy the machinery by such representations and that the same were untrue and the machine would not do the work for which it was purchased and was without value for that purpose; and that within a reasonable time after discovering that the machinery would not do the work, the plaintiffs offered to return or tendered back the machine to the defendant." The

verdict was for the plaintiffs. The defendant appeals and urges as the sole ground for reversal that he was entitled to a peremptory instruction.

In the consideration of the case, on the question of a peremptory instruction, we ignore the substantial contradictory evidence presented by the defendants and assume the truth of the plaintiffs' evidence, that is, that in fact the machine would not manufacture a merchantable product and was worthless for the purpose for which it was sold.

The appellant makes the point that the purchasers did not elect to rescind the contract within a reasonable time or negative laches which might have saved the time element. We do not analyze the pleadings and the evidence upon the theory of a true rescission (see KRS 361.690) since the appellees seem to disavow that basis and insist upon the right of recovery because they did not get what they bargained for or damages for breach of contract or an implied warranty of fitness.

Two sections of the statute are respectively invoked.

KRS 361.150, Sec. 15, Uniform Sales Act, provides that "there is no implied warranty or condition as to quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except" in certain circumstances, one of which is that the buyer shall have expressly or by implication made known to the seller the particular purpose for which the goods were being required and the buyer relied on the seller's skill or judgment. In the latter event, there is an implied warranty that the goods shall be reasonably fit for such purpose.

KRS 361.710, Sec. 71 of the Uniform Sales Act, provides that where any right or liability would arise under a contract of sale by implication of law "it may be negatived or varied by express agreement".

The present contract which, as we have said, was in the form of an accepted order, contains this provision: "There are no understandings, agreements, representations or warranties expressed or implied, not specified herein respecting this order. The warranties, provisions, terms and conditions on the reverse side hereof are expressly made a part of this agreement."

The provisions on the back of the order are special warranties and limit the seller's liability to defects in material and workmanship which may be developed under normal use and service, the obligation being limited to making good at its factory any defective parts. The rest of those provisions are that the seller makes no warranty in certain specified but quite unimportant particulars. In short, this contract undertakes to eliminate and to avoid practically every sort of warranty except the very limited one stated. There is no remedy provided in case the machinery proves to be worthless. The appellant relies upon this negation of an implied warranty.

The statute is, in the particulars involved here, a codification of the prevailing common law on the subject. This court long before its enactment recognized the principle that it was competent for the parties to a contract to stipulate expressly against implied or extrinsic warranties and to confine the obligations of the seller to specific terms. But we have always required that such limitation of liability shall be plainly expressed. Hopkinsville Motor Co. v. Massie, 228 Ky. 569, 15 S.W.2d 423; Graves Ice Cream Co. v. Rudolph W. Wurlitzer Co., 267 Ky. 1, 100 S.W.2d 819. Though the present disclaimer of warranty is clear in its terms, we cannot overlook the fact that it is to be found in a long and formidable document prepared by the seller and that it was doubtless unnoticed or its import uncomprehended by the buyer. Anyone brought up to believe that for every wrong there is a remedy will pause before saying that the seller will escape all liability by merely putting in an order blank a statement to the effect that there is no assurance that the buyer will get a machine that will work. We have paused for the moment and have readily concluded that the avoidance of liability under such a circumstance is not permitted by the law. Otherwise, one would have no recourse where he got an automobile without a motor or wheels.

██ ⟮Where there is a complete failure of a machine to accomplish the purpose for which it was designed, that is to manufacture a merchantable product, it is much more than the breach of an implied warranty of suitability or fitness for a particular purpose. It is not a merchantable article if it will not do what it was intended to do. There has been no delivery of that which was bought⟯ This is a breach of a covenant or condition which by law is made a part of every contract of sale unless such essential element shall be explicitly denied and clearly understood by the buyer. We have a case in which it was held that where the buyer, knowing little of automobiles, necessarily relied upon the recommendation of an agent of the seller, a provision in the contract that an express warranty contained therein should exclude all implied warranties did not have the effect of precluding recovery where it failed to work. The disclaimer of any warranty other than that stipulated and the stipulated warranty itself (copied in the opinion) are almost identical with those in the present case. International Harvester Co. v. Bean, 159 Ky. 842, 169 S.W. 549, 551. Concerning that provision, the Court said:

"Such a stipulation, relieving, as it does, the manufacturer from duties imposed by law, will be conclusively presumed to have been inserted in the contract of sale for the sole benefit of the manufacturer, the beneficiary of such relieving stipulation, and effect will not be given to such stipulation unless its inclusion in the contract was fairly procured.

"In the case under consideration, this stipulation was contained in a printed form of order blank or contract used by appellant company. The language of the stipulation is extremely technical, 'This express warranty excludes all implied warranties;' its meaning is clear to but few persons."

██ The language of the opinion respecting the right of recovery for mere fitness may be regarded as dictum and is not in accord with later cases or the quite universal interpretation of the Uniform Sales Act. Graves Ice Cream Co. v. Rudolph W. Wurlitzer Co., 267 Ky. 1, 100 S.W.2d 819. The decision is rested upon the idea that it would not be presumed the acceptance of the disclaimer had been fairly procured and that failure to furnish a machine like that bought was not the performance of the contract. ⟮Likewise, to sell a man a machine for manufacturing a merchantable product that will not accomplish that purpose at all is a breach of the contract itself rather than a mere breach of warranty, although were such implication of law not excluded, that too would sustain a right of action.⟯ If the machine is worthless for the purpose for which it was sold, there is a failure of consideration. ⟮

██ We do not go so far as to say that one may keep machinery for an indefinite time and without giving the seller an opportunity to adjust it or remedy any defect in it, he may then recover the purchase price on a theory of a breach of contract. See Frick Co. v. Wiley, 290 Ky. 665, 162 S.W.2d 190; James v. International Harvester Co., 294 Ky. 722, 172 S.W.2d 670. The plaintiffs' evidence in the present case shows that the defendant was advised of the failure of the machine to make merchantable blocks, notwithstanding persistent attempts to make it do so, because of what they showed to be an inherent defect in design. They continued their efforts to have the defendants make it work but to no avail; nor would the defendants take the machine back.

██ It is fair to the defendants to say that their evidence is to the contrary and shows that the trouble was due to improper installation and operation and improper material going into the make-up of the blocks. That evidence is of such character and weight that had the jury found for the defendants, it would be sufficient to sustain the verdict. We repeat that it must be understood that this opinion is based upon the proof of the plaintiffs exclusively as to the worthlessness of the machinery and their attempts to get the seller to take it back. That, as stated, is upon which the right to a peremptory instruction must be determined.

The verdict and judgment are for $5,964.57 although the plaintiff prayed for only

$5,624.57, the difference being the balance of the purchase price which was never paid. This was a clerical misprision which may be corrected at any time.

Subject to this correction, the judgment is affirmed.