## SEARS, ROEBUCK & CO. v. LEA.

### No. 11460.

United States Court of Appeals
Sixth Circuit.

Sept. 19, 1952.

Murray Seasongood, Cincinnati, Ohio, Murray Seasongood, Thomas M. Stanton, on brief; Paxton & Seasongood, Cincinnati, Ohio, of counsel, for appellant.

H. Randolph Kramer, Owensboro, Ky., H. Randolph Kramer, John F. Wood, Owensboro, Ky., on brief, for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

In this action, heard by the District Judge without a jury, the Appellee Daisy Lea recovered a judgment against the Appellant, Sears, Roebuck and Company, in the sum of $5,000 for damages suffered through the alleged breach of three contracts made by the Appellant for the furnishing and installation of roofing material and insulation for two buildings owned by the Appellee.

The Appellee owned an apartment building at 320½ West Third Street, Owensboro, Kentucky, and also a commercial garage located at 316 West Third Street. By written contract of June 20, 1945, the Appellant agreed, for a consideration of $400, to furnish the materials, as specified therein and subject to the guarantee set forth on the reverse side of the contract, for re-roofing the apartment building at 320½ West Third Street. The contract provided—

"This Proposal and any installment contract (s) required shall constitute the entire agreement between the parties. Materials and workmanship are guaranteed by Sears exactly as specified in the guarantee set forth on the reverse side of this Proposal."

The guarantee on the reverse side provided—

"Should such roof leak at any time within a term of five years from date of application due to defective materials or faulty workmanship, we will, upon receipt of reasonable notice, replace, or cause necessary repairs to be made without charge to you.

\* \* \* \* \* \*

"The above guarantee is in lieu of and excludes all other guaranties, warranties, obligations or promises, express or implied, by contract or by law, and no person is authorized to assume for Sears any other liability in connection with the sale of said roofing and/or siding material or installing thereof by a Contractor. This guarantee can not be construed to cover any damage to the interior of the premises in which the roof and/or siding is applied, or to any pictures, furniture, decorations or other personal property; it is understood that Sears shall not be liable for damage to any of said items."

By written contract of July 26, 1945, the Appellant, for a consideration of $775.00, agreed to furnish the materials, as specified therein and subject to the guarantee set forth on the reverse side of the contract, for re-roofing the garage building at 316 West Third Street. This contract contained the same provisions as did the former contract with respect to the contract constituting the entire agreement between the parties, and the guarantee on the reverse side thereof.

By written contract of October 6, 1945, the Appellant, for a consideration of $200.-00, agreed to furnish the materials, according to the specifications contained therein, to insulate a certain specified portion of the apartment house. This contract contained the following provision:

"The undersigned customer herewith authorizes Sears, as his agent, to employ a contract installer (hereinafter for convenience called the 'Contractor') to install and affix said materials in accordance with said specifications. It is understood that Sears will not install said materials. The price quoted below includes the charge to be made by the Contractor for said installation work and customer requests and directs Sears to pay the said Contractor, for customer's account, the Contractor's charge for such installation when the installation has been completed."

This contract did not contain a guarantee.

By the complaint as finally amended, the Appellee alleged (1) that the Appellant breached the contract of June 20, 1945 "in that said roofing furnished was defective or same was installed in a careless, negligent manner or was installed by incompetent and unqualified person or persons or both; that the said roof leaked water in a number of places * * *" and that as a result of the breach the Appellee was damaged in the amount of $3,832.80; (2) that the Appellant breached the contract of July 26, 1945 "in that the said material furnished by said defendant was inferior, defective, or that the same was installed by unqualified, incompetent workmen or both, so that the roof on said building leaks water in a number of places," making it necessary that a new roof be placed upon said building at a cost of $1,571.60 to the further damage of the Appellee in the amount of $1,571.60; and (3) that with reference to the contract of October 6, 1945, "the said defendant herein installed or caused to be installed said insulation in a careless or negligent manner by unqualified persons and as a result of said carelessness and negligence and lack of skill, the laths and plaster on the ceiling on the seven rooms heretofore mentioned, cracked and buckled thereby bringing about a portion of the damage herein complained of," and that by reason of the breach of the roofing contract and insulation contract pertaining to said building, the Appellee lost four months' rent of three rooms to her further damage in the sum of $476.00.

The Appellant admitted the execution of the three contracts, denied the breach of each contract by it, and in addition to its denial of certain other allegations, pleaded that the complaint as amended failed to state a claim against the Appellant, and that under the contract of October 6, 1945 the Appellant as Appellee's agent employed a contract installer to install the insulation for Appellee.

Following the conclusion of the trial, the Trial Judge, in an oral opinion from the bench, held that the Appellee had the right to rely upon the Appellant to provide her with the right kind of roof for the apartment building and the garage; that there was an implied warranty in the contracts that the roofs would be reasonably fit for the purpose for which they were purchased; that it was not necessary for the Appellee to prove that the materials were defective or didn't come up to specifications; that the roofs leaked and proved unsuitable for the purpose for which they were purchased; that the insulation was not done in a workmanlike way and caused the Appellee damage; and that the total damage, without making any allocation between the three contracts, should be fixed at $5,000. He overruled Appellant's motion for a dismissal of the action and entered judgment for the Appellee in that amount.

The District Judge, although citing no authority in support of his ruling, apparently relied upon § 361.150(1), Kentucky Revised Statutes, Uniform Sales Act, which provides—"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment * * * there is an implied warranty that the goods shall be reasonably fit for such purpose." However, § 361.150(6), Kentucky Revised Statutes, Uniform Sales Act, also provides—"An express warranty

or condition does not negative a warranty or condition implied under this chapter unless inconsistent therewith." It is also provided by § 361.710, Kentucky Revised Statutes, Uniform Sales Act, "Where any right, duty or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement or by course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale." It has been held by the Kentucky Court of Appeals under these sections of the Uniform Sales Act that a warranty will not be implied where the contract expressly stipulates against its existence or declares no other warranty is made, or may not be relied upon. Vandiver v. B. B. Wilson & Co., 244 Ky. 601, 51 S.W.2d 899; Graves Ice Cream Co. v. Rudolph W. Wurlitzer Co., 267 Ky. 1, 100 S.W.2d 819; Citizens Ice & Fuel Co. v. Fairbanks Morse & Co., 293 Ky. 64, 168 S.W.2d 586; Dreyer-Whitehead & Goedecke, Inc. v. Land, 309 Ky. 113, 216 S.W.2d 413. The two contracts of June 20, 1945 and July 26, 1945 contained the provision—"The above guarantee is in lieu of and excludes all other guaranties, warranties, obligations or promises, express or implied, by contract or by law * * *." If this provision in the contracts was binding upon the Appellee, it was error for the District Judge to award her a recovery based upon an implied warranty of fitness.

It is the settled rule in Kentucky that one who signs a contract is presumed to know its contents, and that if he has an opportunity to read the contract which he signs he is bound by its provisions, unless he is misled as to the nature of the writing which he signs, or his signature has been obtained by fraud. Kentucky Road Oiling Co. v. Sharp, 257 Ky. 378, 388, 78 S.W.2d 38; United Talking Machine Co. v. Metcalfe, 174 Ky. 132, 137, 191 S.W. 881; White Sewing Machine Co. v. Smith, 188 Ky. 407, 409, 222 S.W. 81; Brenard Manufacturing Co. v. Jones, 207 Ky. 566, 568–569, 269 S.W. 722. Appellee relies upon International Harvester Co. v. Bean, 159 Ky. 842, 169 S.W. 549, and Myers v. Land, 314 Ky. 514, 235 S.W.2d 988, as establishing a different rule. The Court stated that, under the facts in each of those two cases, the provision in the contract of sale negativing any warranties other than those expressly stated therein, did not bar a recovery by the purchaser on an implied warranty of fitness. In International Harvester Co. v. Bean, supra, [159 Ky. 842, 169 S.W. 551] the Court said that effect would not be given to such a stipulation in the contract "unless its inclusion in the contract was fairly procured", and "Under these circumstances, the court will not say that the stipulation against implied warranties was fairly procured to be included in the contract of sale." The ruling in that case was prior to the numerous rulings of the Kentucky Court, referred to above, which have held that a party is bound by the provisions of his written contract unless its execution has been procured by fraud or deceit. Although the Court in Myers v. Land, supra, refers to the opinion in International Harvester Co. v. Bean, supra, with approval, it does not in any way indicate that it intended to overrule the later cases, hereinabove cited. The statements in the opinion, relied upon by Appellee, are largely dicta, in that the Court based its decision on grounds other than breach of a warranty of fitness. The action was one by a buyer to recover the purchase price of a machine which he had bought for the manufacture of concrete blocks. The buyer claimed the machine was unable to do what it was designed to do and that he had offered to return the machine to the seller. The Court said [314 Ky. 514, 235 S.W.2d 991]— "Where there is a complete failure of a machine to accomplish the purpose for which it was designed, that is to manufacture a merchantable product, it is much more than the breach of an implied warranty of suitability or fitness for a particular purpose." The Court held that there was a failure of consideration, and that the buyer was entitled to recover the purchase price paid by him. The nature of that action was quite different from the claim for damages asserted in the present case. In the absence of a finding by the District Judge that the provision in the contract negativing any im-

plied warranty was procured by fraud or deceit, a judgment for damages based on the breach of an implied warranty of fitness will not be upheld. The oral opinion of the District Judge does not contain a finding on this important issue of fact. Upon the remand of the case a finding should be made with respect to such issue.

■ With respect to the insulation contract of October 6, 1945, the District Judge made a finding that the work was not done in a workmanlike way, and that the Appellee suffered damage by reason of that fact. However, it does not contain a finding with respect to whether the work was done by the Appellant or by an independent contractor. Under the contract, the Appellant agreed to furnish the insulation material, with the installation work to be done by a contractor employed by the appellant in its capacity as agent for the Appellee. The contract provided—"It is understood that Sears will not install said materials." If these provisions of the contract were carried out and the contractor who installed the insulation was the employee of the Appellee or acted as an independent contractor in performing the work, there would be no liability upon the Appellant for the negligent installation of the material sold by it. Courier-Journal & Louisville Times Co. v. Akers, 295 Ky. 745, 175 S.W.2d 350; H. H. Miller Construction Co. v. Collins, 269 Ky. 670, 108 S.W.2d 663; American Savings Life Ins. Co. v. Riplinger, 249 Ky. 8, 60 S.W.2d 115. Upon remand a finding should also be made by the District Court upon this issue of fact.

■ The contract of July 26, 1945, pertaining to the re-roofing of the garage building, contained a guaranty for a term of five years from the date of application. It also provided that the Appellant would replace the roof or make the necessary repairs under its guarantee, upon "receipt of reasonable notice" of the breach. Under § 361.-490, Kentucky Revised Statutes, Uniform Sales Act, if the buyer, after acceptance of the goods, fails to give notice to the seller of the breach of any warranty within a reasonable time after the buyer knows of such breach, the seller shall not be liable therefor. The work was done immediately after the execution of the contract. There is testimony to the effect that the roof did not begin to leak until February 1951. The second amended complaint which set up this cause of action was not tendered until February 6, 1951. There is no finding as to when the roof began to leak or when notice thereof was given to the Appellant. The buyer's right to recover upon a warranty can not be enforced without showing compliance with the conditions of the warranty. Black Motor Co. v. Foure, 266 Ky. 431, 99 S.W.2d 177; Henry Porter & Co. Inc. v. Lacy, 268 Ky. 666, 670, 105 S.W.2d 818. Upon the remand of the case the District Judge should make a finding of when the roof began to leak, and if it was within the guaranty period of five years after the performance of the work, and also the facts pertaining to the giving of reasonable notice thereof to the seller.

■ In our opinion, the Findings of Fact and Conclusions of Law of the District Judge do not show whether the correct measure of damages was used in adjudging a lump sum award of $5,000 under all three contracts. Under § 361.690(1), Kentucky Revised Statutes, Uniform Sales Act, when there is a breach of warranty by the seller, the buyer has a choice of remedies including the right to accept and keep the goods and maintain an action against the seller for damages. The Appellee elected to pursue this remedy, and such election constituted such remedy her exclusive one. § 361.690(2). The measure of damage for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach. In case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty. § 361.690 (6) and (7), Kentucky Revised Statutes, Uniform Sales Act. Rudolph Wurlitzer Co. v. Kaufman-Straus Co., 273 Ky. 149, 116 S.W.2d 305; Greene v. Hyden, 273 Ky. 783, 117 S.W.2d 985. If considered by the Trial Judge as a breach of warranty of quality, there was no evidence with respect

to the difference in value. If the $5,000 award is meant to represent the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty, the different items of damage making up the total should be set out, so that on review the Court can determine whether certain items were properly included and were reasonable in amount. Kentucky Utilities Co. v. Parrott, 275 Ky. 140, 120 S.W.2d 1025. In two of the contracts involved, it was provided that the guarantee did not cover any damage to the interior of the premises, or to any pictures, furniture or decorations. Repairs must be reasonable in extent and price. Replacements should conform to the quality of the replaced article. Adams & Sullivan v. Sengel, 177 Ky. 535, 197 S.W. 974, 7 A.L.R. 268. The age and condition of the property repaired or replaced has a material bearing on the issue. Prestonsburg Superior Oil Gas Co. v. Vance, 215 Ky. 77, 84, 284 S.W. 405, 47 A.L.R. 483. The new roof on the apartment building cost $768.85; the roof installed by Appellant cost $400.00. At the time of the trial, the roof on the garage building had not been replaced but was estimated at $1,571.60; the contract price was $775.00. These amounts should not be included in their entirety in the absence of a finding that they were of the same type and quality as provided by the contract. In a case involving the alleged breach of three separate contracts, with the possibility that liability may not exist with respect to one or more of them, there should be a separate finding of the amount of damage suffered under each contract. This is particularly true where the contracts pertain to separate buildings. In the present case, the District Judge held that the damage to the apartment building was caused by the joint action of the leaking of the roof and the manner in which the insulating material was installed. If this work was done by an independent contractor, it would relieve the Appellant of liability for damage from that cause. We have no way of determining what part of the damage to that building was caused by the failure to furnish a proper roof. On the remand of this case, if a recovery is adjudged for the Appellee, find-

ings should be made on the question of damages in accordance with the above principles.

The judgment is reversed and the case remanded to the District Court for further proceedings consistent herewith including the taking of additional evidence if considered necessary or advisable by the District Judge. Walling v. Jacksonville Paper Co., 317 U.S. 564, 572, 63 S.Ct. 332, 87 L.Ed. 460; Willing v. Binenstock, 302 U.S. 272, 277, 58 S.Ct. 175, 82 L.Ed. 248.