B. F. AMOS et al., Appellants,

v.

Claude G. MONTGOMERY et al., Appellees.

Court of Appeals of Kentucky.

Oct. 21, 1960.

J. W. Jones, Louisville, for appellants.

Charles P. Sutt, Jr., Louisville, for appellees.

STANLEY, Commissioner.

We sustain a motion for an appeal from a judgment for $625 against the appellants, B. F. Amos and Marena R. Amos, partners dba Ferrell-Gruber Company, in favor of the appellees, Claude G. Montgomery and Esther B. Montgomery.

In the form of an offer and acceptance, dated April 28, 1951, the appellants agreed to furnish to appellees labor and material to "cover house with Stucco-White Re-Nu-It" for $625. The house is the appellees' residence. The contract contained these provisions:

"It is agreed that this proposal, properly accepted as above provided, shall constitute the entire contract between us, and its acceptance is conditioned upon the understanding that:

"There are no verbal agreements regarding this order, all verbal statements made by any of our representatives being merged herein, and that the Ferrell-Gruber Co. will be bound to do only what is written on the face hereof."

[Other conditions are irrelevant.]

The appellees' evidence, in short, is that preliminary to the execution of the contract they had told appellants' salesman that they had experienced trouble with moisture on their inside walls, and the outside paint was pealing off every four or five years, and that they were unable to trace the cause. They told the salesman they wanted a permanent weathertight paint put on, and he represented to them that the product described was suitable and would protect the exterior

woodwork permanently from the elements. He did not tell the parties, however, that the material would prevent moisture inside the house or prevent it from reaching the weatherboarding. The appellees had relied upon those representations.

Three years after the material was furnished and applied, the appellees observed that the paint-stucco coat was peeling off in spots and portions of the weatherboarding had begun to warp and decay. The condition worsened as time went along. Mr. and Mrs. Montgomery disagreed as to whether moisture had been reaching the exterior finish from water used inside the building. They were unable to say whether inside moisture or rain or both had contributed to cause the damage.

The evidence for the defendant is that the material called "Stucco-White Re-Nu-It" it a protection against outside moisture, and that it was sold under a trade name without warranty.

It is not clear from the complaint whether the action is for breach of an implied warranty or for false representations, but the gravamen is breach of warranty. The defendants traversed the allegations of the complaint except as to the written contract and entered affirmative pleas of a waiver of any representation and warranty and of the five-year statute of limitation. The affirmative pleas were rejected by the court and the case submitted to a jury on the question whether the defendants' salesman had represented the material as being suitable to meet the plaintiffs' requirements and their reliance thereon, and whether the application of the product had caused damage to the house. The measure of damage was stated to be the reasonable cost of repairing the building and restoring the property to the same prior condition. The verdict was for the exact consideration paid by the plaintiffs, $625.

The appellees recognize that all statements and representations made by the appellants' salesman were merged into the written contract and may not of themselves be relied on. See Hopkinsville Motor Co. v. Massie, 228 Ky. 569, 15 S.W.2d 423; Vandiver v. B. B. Wilson & Co., 244 Ky. 601, 51 S.W.2d 899. But they contend that, notwithstanding the explicit provisions in the contract and of KRS 361.150, they may rely on the implication which the law writes into contracts of sale. KRS 361.150 (1) declares that there is no implied warranty or condition as to quality or fitness of merchandise sold for any particular purpose except where the buyer makes known to the seller the particular purpose for which the goods are required and relies upon the seller's skill or judgment, in which case "there is an implied warranty that the goods shall be reasonably fit for such purpose." Another section of the statute, KRS 361.710, provides:

> "Where any right, duty or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement or by course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale."

While the stipulation in the present contract that there were no verbal agreements does not explicitly exclude the statutory implied warranty of fitness for a special purpose, it seems to us that the exclusion is comprehended when the stipulation is read with the definite statement that the writing "shall constitute the entire contract."

We have construed the provisions of the Uniform Sales Act as authorizing the express exclusion by the parties of the statutory implication of fitness. Citizens Ice and Fuel Co. v. Fairbanks, Morse & Co., 293 Ky. 64, 168 S.W.2d 586; Dreyer-Whitehead & Goedecke v. Land, 309 Ky. 113, 216 S.W.2d 413; Whayne Supply Co. v. Gregory, Ky., 291 S.W.2d 835. The case of Myers v. Land, 314 Ky. 514, 235 S.W.2d 988, 991, presented a different and extreme condition. There was a sale of a new machine for the manufacture of con-

crete blocks. The writing contained involved provisions as to certain special warranties limited to defects in the machine. It was proved by the purchasers that the machine was absolutely worthless to accomplish the purpose for which it was designed and sold. We held that there was "much more than the breach of an implied warranty of suitability or fitness for a particular purpose" and that the machine was not a merchantable article. The evidence justified the conclusion that there was a failure of consideration.

Consideration of the application of the five-year statute of limitations, KRS 413.-120(1), to the action is obviated.

The defendants had moved for a judgment notwithstanding the verdict. The judgment is reversed with directions to render judgment in favor of the defendants.

Reversed.